IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JESUS SANTIAGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:25-cv-1452 (LMB/WBP) |
| ) | |
| SCOTT ALLEN LEGGETT, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Acting pro se, plaintiff Jesus Santiago ("plaintiff" or "Santiago") has filed a 27-page Complaint alleging a conspiracy in violation of 42 U.S.C. § 1985(2)–(3) among multiple diverse defendants, including various New York officials (such as New York Deputy Attorney General Michael Keane and two New York federal judges); the New York and Virginia Bar Associations; a Virginia state judge; various New York and Virginia attorneys (including Geremy C. Kamens, who is the Federal Public Defender for the Eastern District of Virginia); several police officers; John and Jane Does 1–10; and an unnamed Loudoun County judge and commonwealth attorney who "conspired to seal records and suppress exculpatory evidence against Plaintiff." [Dkt. No. 1] at 3–4.

Attached to the Complaint are 70 pages of exhibits, which include the first page of a 2015 civil rights complaint plaintiff filed in the U.S. District Court for the Eastern District of New York; correspondence to and from New York attorneys who plaintiff retained to pursue an excessive force claim in New York; a government motion filed in this district in 2012 seeking the revocation of Santiago's supervised release based in part on numerous state crimes involving assault and battery, telephone threats, stalking, and property crimes; claims that Santiago is being

stalked along with photos of alleged stalkers and their cars; and documents that appear to show that Santiago has stalking, trespassing, and vandalism charges pending against him as of August 7, 2025, in the Clarke County General District Court in Virginia.

Plaintiff seeks $5 million in compensatory damages, as well as punitive damages, attorney's fees and costs (even though Santiago is proceeding pro se), and various orders to state courts in Fairfax, Loudoun, and Price William Counties, requiring the unsealing of records as well as "expungement of these fabricated criminal records." Id. at 25–26.

When a pro se litigant seeks leave to file a complaint in forma pauperis, the Court has an independent obligation to review the proposed Complaint to ensure it alleges cognizable causes of action over which the Court has jurisdiction and to prevent meritless or fanciful litigation from misusing scarce judicial resources. See 28 U.S.C. § 1915(e)(2)(B). Although plaintiff's Complaint must be afforded a liberal construction because he is proceeding pro se, liberal construction cannot save a complaint as nebulous as the one submitted in this civil action. Accord Naja v. Zahir, 2021 WL 5348671, at *5 (E.D. Va. Nov. 16, 2021).

The Complaint must be dismissed for multiple reasons. First, as a matter of law, many of the named defendants are immune from suit. For example, Judge Kiyo A. Matsumoto, Judge Nicholas G. Garaufis, and Judge Amy B. Tisinger are protected by absolute judicial immunity, "even if [their] acts are erroneous or in excess of their jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356 n.6, 359 (1978). Additionally, to the extent Santiago is dissatisfied with the performance of the counsel he retained to handle his civil suit in New York, his remedy was a malpractice or breach of contract claim in that forum; however, the time in which such suit could have been raised has clearly passed.

2

Santiago's joinder in this civil action is also problematic. The jumble of claims simply does not state a coherent claim of conspiracy. Most of the events appear to involve the 2012-2013 time period when plaintiff claims he was assaulted in New York, and nothing connects any of the New York allegations to conduct in this district. Moreover, the Complaint raises completely unrelated claims against different defendants in violation of Federal Rules of Civil Procedure 18 and 20. See Jones v. Hamilton, 2023 WL 4422861, at *1 (W.D. Va. July 10, 2023) ("Joinder of unrelated claims against multiple defendants is inconsistent with Rules 18 and 20 of the Federal Rules of Civil Procedure.").

As additional grounds for dismissal, most of the conduct at issue occurred from 2012 to 2013 and would be barred by the statute of limitations,[1] and the $5 million damages request is not supported by any allegation in the Complaint. Finally, to the extent Santiago is trying to have this Court interfere with ongoing criminal proceedings in Clarke County, this Court must abstain. See Younger v. Harris, 401 U.S. 37, 43 (1971).

For all these reasons, it is hereby

ORDERED that plaintiff's Motion for Leave to Proceed in Forma Pauperis [Dkt. No. 2] be and is DENIED, and plaintiff's Complaint [Dkt. No. 1] be and is DISMISSED.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal.

---

[1] Because 42 U.S.C. § 1985 does not contain a statute of limitations, "courts borrow the statute of limitations from the most analogous state-law cause of action." Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 388 (4th Cir. 2014). Generally, courts apply the statute of limitations applicable to state-law personal injury actions. Id. Under Virginia law, the appropriate statute of limitations is the two-year period prescribed by Va. Code Ann. § 801-243(A).

Plaintiff need not explain the grounds for appeal until so directed by the United States Court of Appeals for the Fourth Circuit. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to mail a copy of this Order to plaintiff Santiago, pro se, at his address of record, and close this civil action.

Entered this 17th day of September, 2025.

Alexandria, Virginia

/s/ *signature*
Leonie M. Brinkema
United States District Judge